**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

JEROME BETHEA, )
)
Plaintiff, ) Civil Action No. 3:04-643-MBS-BM
)
v. )
) **REPORT AND RECOMMENDATION**
THE UNIVERSITY OF SOUTH )
CAROLINA, )
)
Defendant. )
______________________________)

This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

**Background and Evidence**[2]

Plaintiff is an African-American who has worked for the Defendant since 1986 in the

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).





Energy Services Department. Plaintiff's Deposition, pp. 9, 12. Plaintiff claims that prior to 1996 he applied for, but was denied, various promotions, and also claims that a promotion he did receive in 1995 (to a night maintenance job) paid him a lower salary than its previous occupant. Plaintiff's Deposition, pp. 20-24, 36. Plaintiff also testified that he has been denied raises that other employees have received, including a requested 10% raise which was denied after this current lawsuit was filed. Plaintiff's Deposition, pp. 24, 36-37; Defendant's Exhibit 3. Plaintiff also claims that he is not earning as much as white co-worker Scott Chewning, who was hired around the same time as the Plaintiff. Plaintiff's Deposition, pp. 19-20, 27, 31-32; Defendant's Exhibit 3.

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). See Plaintiff's Deposition, p. 10; Defendant's Exhibit 1. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Plaintiff's Deposition, p. 10; Defendant's Exhibit 1. After Plaintiff's receipt of a right to sue letter on May 21, 2001; see Plaintiff's Deposition, pp. 10-11; Defendant's Exhibit 2; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[3]

[3]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each individual Plaintiff could separately pursue their own individual claims in this Court. However, the Complaint filed in this action sets forth Plaintiff's claims in only a general and conclusory fashion. The specific instances of discrimination alleged by the Plaintiff and discussed in this Report and Recommendation were obtained as a result of Plaintiff's deposition testimony and a review of Defendant's Exhibits 3 and 4. See Plaintiff's Deposition, pp. 19-24, 27, 36-37; Defendant's Exhibits 3 and 4; see also Order filed February 15, 2005 (consent order regarding notification of claims being asserted).





**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**I.**

**(Time Barred Claims)**

Defendant first argues that Plaintiff's claim relating to promotions he was denied in the early 1990s (all occurring prior to 1996), as well as raises Plaintiff alleges he was denied in 1988, 1991, and 1995 are subject to summary judgment because they are time barred. Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was





forwarded to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC pursuant to a "work sharing agreement." Plaintiff's Deposition, Defendant's Exhibit 2. Therefore, Plaintiff had three hundred (300) days to file his administrative charge following a discriminatory act, and a failure by the Plaintiff to do so bars him from pursuing a Title VII lawsuit in this Court with respect to any alleged discriminatory act which falls outside of this three hundred (300) day period. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); see National RR Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).[4]

Based on Plaintiff's administrative charge filing date of October 5, 1999, any discrete acts of discrimination occurring prior to December 9, 1998 would not be actionable. Williams, 370 F.3d at 429; Morgan, 536 U.S. at 114. Here, Plaintiff testified that he was denied several promotions in the early 1990s. These are, of course, separate and distinct acts for purposes of a Title VII claim under Morgan and Williams. With respect to Plaintiff's claim that

[4]A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation." However, under the applicable caselaw, promotions are separate and distinct acts for purposes of a Title VII claim, and timely promotion claims may not therefore be considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory promotion decisions which involved the same claimant. See Morgan, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination]; *cf.* Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote].





he was improperly denied raises in 1988 and 1991, and that he did not receive an appropriate raise following a promotion in 1995, although salary discrimination can be considered a continuing violation in some cases; Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 345-348 (4th Cir. 1994); that would not be the case here since Plaintiff had knowledge of these alleged discriminatory acts well before the 300 day deadline. See Plaintiff's Deposition, pp. 22-24; Defendant's Exhibits 3 & 4. See also Becker v. Gannett Satellite Information Network, Inc., 10 Fed. Appx. 135, 139-140 (4th Cir. 2001); Miller v. American Family Mutual Ins. Co., 203 F.3d 997, 1004 (7th Cir. 2000) [even though alleged discriminatory pay practice continued into limitations period, plaintiff was aware of alleged pay inequality well before then and therefore could not rely on the continuing violation theory]; Morgan, 536 U.S. at 114 [holding that "salary discrimination" can be a discrete act].

Therefore, Plaintiff's promotion claims occurring prior to 1996 as well as his compensation claims occurring prior to 1998 fall outside of the applicable three hundred (300) day claim period, and may not ordinarily be considered by this Court. While Plaintiff advances two arguments as to why his claims should be considered notwithstanding the three hundred (300) day time bar; hostile work environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[5]

---

[5]Plaintiff also refers in his memorandum to the claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (continued...)





First, Plaintiff has not set forth a claim of hostile work environment in this case. Rather, Plaintiff has testified only to alleged incidents of discrimination in promotion decisions and, separately, with regard to compensation. Plaintiff's Deposition, pp. 19-23, 27, 36-37. Pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit, and no evidence, exhibits, or information has been submitted to this Court to show that any hostile work environment claim was being asserted by this Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

As for equitable estoppel, Plaintiff argues in his brief that "since the University let this Plaintiff and others similarly situated go through a seemingly endless labyrinth of complaints with no meaningful response, the Court should apply the equitable doctrine of estoppel as outlined by the Supreme Court in [Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)]." Plaintiff's Memorandum, p. 7. However, Plaintiff has pointed to no exhibits or even argument to support this general and conclusory statement, and the Court cannot not allow Plaintiff's Title VII claim to proceed based on such an unsubstantiated statement. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48

[5](...continued) (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).





F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

"Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence whatsoever to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claims. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access to the...courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437, 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Plaintiff failed to file his administrative charge within three hundred (300) days of these discrimination claims. Based on this evidence, and in light of the





applicable caselaw and statutory requirements, the undersigned has no choice but to find that these claims are time barred, and are therefore subject to dismissal.

**II.**

**(Claims that have not been Exhausted)**

With respect to Plaintiff's claim that he has been improperly denied a raise or raises since he filed this lawsuit, and that he is currently not earning as much money as a white employee who was hired at the same time he was; see Plaintiff's Deposition, pp. 19-20, 27, 36-37; Defendant's Exhibits 3 and 4; Defendant argues that these claims are subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies with respect to these claims. The undersigned agrees, at least with respect to Plaintiff's general claim relating to his not having received raises since the filing of this lawsuit.

Title VII requires, as a prerequisite to suit, that a plaintiff first exhaust his administrative remedies by filing a charge of discrimination covering the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Failure to comply with this requirement bars a plaintiff from pursuing a lawsuit under this statute with respect to any such unexhausted claim. United Black Fire Fighters of Norfolk, 604 F.2d at 847; Carter v. New York, 310 F.Supp.2d 468, 474 (N.D.N.Y. 2004) [Court granted summary judgment where plaintiff alleged a new set of discriminatory acts, all of which occurred after the filing of Plaintiff's EEOC complaint. Plaintiff never brought claims before the EEOC at any point and acknowledged that investigation concluded before some events occurred], aff'd, 151 Fed.Appx. 40 (2d Cir. 2005). Under the applicable caselaw, each of these claims requires exhaustion of administrative remedies. Morgan, 536 U.S. at 110; see Romero-Ostolaza v. Ridge, 370 F.Supp.2d 139, 149 (D.D.C. 2005) ["Morgan, on the





whole, has been understood to also bar discrete acts occurring after the time period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court"]; Martinez v. Potter, 347 F.3d 1208, 1210-1211 (10th Cir. 2003) ["[T]he [Morgan] rule is equally applicable…to discrete claims based on incidents occurring *after* the filing of [an] EEO complaint"] (emphasis in original).

Plaintiff testified that the 10% raise he requested which he did not receive was sometime in late 2003 early 2004. Plaintiff's Deposition, p. 36. This, of course, would have been well over three years *after* the administrative charge was filed in this case, and well over a year after Plaintiff received his right to sue letter and filed his original lawsuit. Further, Plaintiff's current Complaint, which was filed in March 2004, makes no reference whatsoever to this claim. With respect to Mr. Chewning, Plaintiff testified that while he and Chewning initially worked together, they then separated and thereafter worked for separate supervisors. Plaintiff further testified that he has no knowledge that he ever applied for promotion to any position which Chewning applied for or has been promoted into. Plaintiff's Deposition, pp. 19-20, 31-32.[6] No other specifics are provided with respect to Chewning or any claim Plaintiff has which relates to Chewning and his position and/or salary with the Defendant. With respect to any other raise Plaintiff contends he did not receive since the filing of this lawsuit, he has provided only general and conclusory statements about these claims. See Defendant's Exhibit 3, p. 4; Exhibit 4, p. 1.

---

[6] The only specific promotion involving Chewning that was discussed was in 1987. Plaintiff's Deposition, p. 31. Any claim relating to that position would be time barred. See Section I, supra.





The burden of proving satisfaction of administrative requirements falls on the Plaintiff. Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988, 993 (E.D.Va. 1995). The fact that Plaintiff had previously filed an administrative charge asserting that he had been denied a promotion or failed to receive raises does not mean that he can automatically litigate a pay claim occurring subsequent to the filing of that administrative charge, particularly when the investigation and disposition of that administrative charge had been conducted and the right to sue letter issued well before the subsequently occurring event. Romero-Ostolaza, 370 F.Supp.2d at 149; Martinez, 347 F.3d at 1210-1211. Plaintiff is also not entitled to any equitable relief with respect to these claims. See Section I, supra.

Since exhaustion of administrative remedies is a prerequisite for filing suit under Title VII, and Plaintiff failed to exhaust his administrative remedies with respect to his pay claims from 2003/2004 or thereafter, or regarding his current pay status vis a vis Chewning, his claims relating to these events must be dismissed.

**III.**

**(Potential Exhausted Pay and Retaliation Claims)**

Although set forth in only the most general of terms, it is conceivable that Plaintiff's pay claim vis a vis Chewning could be a *prior* claim encompassing the period of time covered by Plaintiff's administrative charge, since they were both employed by the Defendant during that same period of time and Plaintiff's claim is that he has received less pay than Chewning even though they were both hired at the same time.[7] Plaintiff has also provided some hand-written

---

[7] To the extent Plaintiff's claim is based solely on his and Chewning's purportedly different (continued...)





statements that assert whites are getting raises when blacks are not, and that he has never received a merit raise. See Defendant's Exhibits 3 and 4. Conceivably, at least some of these allegations could come under the time period encompassed by the administrative charge. Plaintiff also generally asserts a retaliation claim in his deposition, although again with little or no specifics. See Plaintiff's Deposition, pp. 32-34.

However, even assuming consideration by this Court of Plaintiff's claims regarding his pay is appropriate, Plaintiff has failed to point to any evidence to establish liability under Title VII with respect to these claims. No information is provided about merit increases, who is receiving them, or otherwise to show that African-Americans are being treated unfairly as compared to whites. Nor are any specifics provided with respect to any other pay claims.[8] See Plaintiff's Deposition, pp. 22, 24, 27, 36-37; Defendants Exhibit 3 and 4; Houck v. Virginia Polytechnic Institute and State University, 10 F.3d 204, 206 (4th Cir. 1993) [Plaintiff must show he receives less pay than a co-employee, outside of his protected class, performing work substantially equal in skill, effort, and responsibility under similar working conditions.]; Ogden v. Keystone Residence, 226 F.Supp.2d 588, 602 (M.D.Pa. 2002). With respect to Chewning,

[7](...continued)
starting salaries when they were first hired, however, any such claim would be time barred. See Dasgupta v. University of Wisconsin Bd. of Regents, 121 F.3d 1138, 1140 (7th Cir. 1997) [pay claim barred by statute of limitations because it derived from a decision about base pay made at the commencement of plaintiff's employment]; see also, discussion, Section I, supra.

[8]In the deposition pages provided to the Court, Plaintiff does not even identify the other employees who he alleges were getting raises or, in the case of the 1995 position, receiving higher pay for the same position, as being white employees. Plaintiff's Deposition, pp. 22, 24, 31-33, 36-37. Plaintiff does, however, generally state in his handwritten notes attached to Defendant's Exhibits 3 and 4 that whites were getting paid more. As noted hereinabove, though, no specifics are provided.





Plaintiff admits that he and Chewning have different supervisors, so even if Chewning has been promoted and is now making more than the Plaintiff, that would not in and of itself constitute evidence of unlawful racial discrimination. Woodward v. United Parcel Service, Inc., 306 F.Supp.2d 567, 575 (D.S.C. 2004) [Plaintiff must prove that employees with whom he wishes to be compared are similarly situated in all relevant respects]; Mallory v. Booth Refrigeration Supply Co., 882 F.2d 908, 912-913 (4th Cir. 1989); Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997) [Employees not similarly situated because they were not supervised by the same person]; Brinkley-Obu, 36 F.3d at 343 [to establish a prima facie case of race discrimination in compensation under Title VII, a plaintiff must prove that the higher paid employee was preforming a substantially similar job]; Gustin v. West Virginia University, 63 Fed.Appx. 695, 698-699 (4th Cir. May 16, 2003) [salary differential justified where position and duties were in fact superior to the Plaintiff's]. Plaintiff also concedes that he has never applied for any of the promotions that Chewning has received. Williams v. Giant Food, Inc., 370 F.3d 423, 430-431 (4th Cir. 2004); Bates v. Tandy Corp., No. 05-3851, 2006 WL 1749541 at *4-5 (3d Cir. 2006). Therefore, to the extent Plaintiff's claim regarding Chewning is otherwise viable, it fails on the merits.

With respect to Plaintiff's retaliation claim, to the extent Plaintiff has otherwise satisfied his administrative requirements for pursing such a claim,[9] in order to survive summary

---

[9]The undersigned notes that, in another case filed by one of the other maintenance employees listed on the joint administrative charge of discrimination, a finding was made that the charge of discrimination submitted by these Plaintiffs did not include a claim for unlawful retaliation. See Stewart v. University of South Carolina, C/A No. 3:04-625. See also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own (continued...)





judgment he would have to first establish a prima facie case and thereafter demonstrate pretext. To establish a prima facie case, Plaintiff would have to show that 1) he engaged in protected activity; 2) the Defendant took an adverse employment action against him; and 3) a causal connection exists between the protected activity and the adverse action. Munday v. Waste Management of North Carolina, Inc., 126 F.3d 239, 242 (4th Cir. 1997). Once a prima facie case has been presented, the Defendant employer has the burden of producing a legitimate, non-discriminatory reason for its actions, and if the employer does so, Plaintiff must then provide evidence to show that the Defendant's proffered reason is pretextual. Id.

Defendant argues, inter alia, that there has been no adverse employment action in this case. However, even assuming that Plaintiff has submitted evidence to show that he is making less money than Chewning and/or that he has been denied some promotions, and that this evidence is sufficient to establish an adverse employment action, Plaintiff has failed to demonstrate any causal connection between his having engaged in protected activity and these actions. If Plaintiff having filed an administrative charge in October 1999 is the protected activity to be considered, then obviously any adverse actions that occurred prior to that date could not have been retaliatory in nature. *Cf.* Bray v. Tenax Corp., 905 F.Supp. 324, 327 (E.D.N.C. 1995) [adverse action occurring prior to protected activity was not retaliatory]. Further, Plaintiff's testimony is essentially that the Defendant was aware that he had filed an administrative charge and/or a lawsuit, and that therefore his failure to receive promotions and/or salary increases since those

---

[9](...continued)
records.]; see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ["A plaintiff's EEOC charge defines the scope of [his] subsequent right to institute a civil suit."].





events must have been retaliatory. See generally, Plaintiff's Deposition, pp. 33-34. However, Plaintiff's own surmise and speculation that his salary and/or promotion status is due to retaliation by the Defendant for his having complained about possible racial discrimination by the Defendant, without any evidentiary support, is not sufficient to establish causation. See Contemporary Mission v. United States Postal Serv., 648 F.2d 97, 107, n.14 (2d Cir. 1981) [An "opposing party's facts must be material and of a substantial nature, not fanciful,...conjectural, speculative, nor merely suspicions"] (internal citations and quotation marks omitted); Kulak v. City of New York, 88 F.3d 63, 71 (2nd Cir. 1996) ["conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment"]; Nicolo v. Philip Morris, Inc., 201 F.3d 29, 33 (1st Cir. 2000) [Conjectural allegations and conclusory assertions do not suffice to establish a genuine issue of fact].

Plaintiff has an obligation to present evidence to save his allegations from the status of speculation, and must respond to the Defendant's evidence with specific facts showing a genuine issue for trial to survive summary judgment. Rule 56, Fed.R.Civ.P.; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1288, n. 4 (4th Cir. 1985). He has failed to do so. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."]. Therefore, Plaintiff's retaliation claim should be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for





summary judgment be **granted**, and that this case be **dismissed**.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 9, 2006



